IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVA JEAN HERRING )<br>)<br>    Plaintiff, )<br>)<br>v )<br>)<br>Michael W. Wynne, )<br>Secretary, Department of the Air Force et al. )<br>)<br>    Defendants. ) | CIVIL No. 1:05CV01394(HHK) |

**DEFENDANTS' MOTION TO DISMISS**

      Defendants, through their undersigned attorneys, hereby submit this Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1) because the Court lacks subject matter jurisdiction over Plaintiff's Complaint, and pursuant to Fed. R. Civ. P. 12(b)(3) for improper veue.

      Respectfully submitted,

_____/ s /_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____/s/_____
BENTON G. PETERSON WI BAR#1029849
Assistant United States Attorney
Civil Division

1

555 Fourth St., N.W.
Washington, D.C. 20530
202-514-7238 / FAX 202-514-8780

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARVA JEAN HERRING            )  | |
|                                                       ) | |
|     Plaintiff,                               ) | |
|                                                       ) | |
| v.                                                 ) | CIVIL No. 1:05CV01394(HHK) |
|                                                       ) | |
| Michael W. Wynne,                      ) | |
| Secretary, Department of the Air Force [1], ) | |
|                                                       ) | |
|     Defendants.                      ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendant herein, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (3), files its Motion to Dismiss, or, in the Alternative, to Transfer Venue. For the purposes of this motion, Defendant will be referred to as "the Air Force."

---

[1] The only proper defendant in a federal employment Title VII action is the head of the agency in his or her official capacity. 42 U.S.C. § 2000e-16(c). Although the *pro se* complaint in this action formally names as defendant "United States attorney General, United States Department of the Air Force; James G. Roche, Secretary, Department of the U.S. Air Force; General Richard Severson; Col Harvey Shapiro; Major Ted Thomas; LTC Clifford Lieberman; SMS Michael Cloud." All defendants were named in their official capacities. James G. Roche was the Secretary of the Air Force at the time of the incidents but the current Secretary of the Air Force is Michael W. Wynne. We believe this description boils down to the Secretary of the Air Force in his official capacity and we further believe it is plaintiff's intent to name the proper party. Accordingly, we request that the caption of this case be amended to conform to the caption on this pleading.

I.

**BACKGROUND**

Plaintiff, Marva Jean Herring, brought this action against the United States Attorney General, et al., gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff claims that she did not receive a "sign-on bonus" in the amount of $30,000 as male dentist did when they joined the Air Force Reserve unit. Plaintiff seeks the $30,000 sign on bonus, compensatory damages and punitive damages in the amount of $500,000, as well as promotion to the rank of Lieutenant Colonel in the United States Air Force.

II.

**FACTS**

Plaintiff was a military member of the 459th Aerospace Medicine Squadron Reserve Unit based at Andrews Air Force Base, Maryland. Air Force Reserve units fall under the direct control of the Secretary of the Air Force. As such, she was a military member of the Air Force Reserve on active duty orders at all times relevant to the suit. See Declaration of Major Jeri K. Lahmann, USAFR, Attachment 1. All airmen are paid by and receive their retirement from the United States, specifically the Defense Finance and Accounting Service (DFAS), according to Federal statutes and regulations.

At all times relevant to this complaint, the Plaintiff was serving as a member of the reserve of the Air Force, holding a military rank, usually drilling one weekend a month and two weeks during the summer, and was subject to call to active duty by the President of the United States. Accordingly, when performing those duties, she wore the uniform of the United States Air Force, adhered to all military courtesies such as saluting her superior officers and addressing

them by their rank of "sir" or "ma'am," and complied with all required Air Force regulations.

Plaintiff was assigned to duty at Andrews Air Force Base, Maryland. All her military records were maintained at Andrews AFB. At all relevant times, the Air Force maintained its headquarters at the Pentagon, located in Arlington, Virginia.

### III.

### ARGUMENT

#### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF VENUE

Plaintiff's Complaint alleges, *inter alia*, that this suit was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. However, pursuant to the specific venue provision of Title VII, venue is not proper in this district. Proper venue lies in the District of Maryland, as explained below.

Title VII of the Civil Rights Act of 1964 has its own venue provision, which provides, in relevant part:

> Such an action may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if such respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has its principal office... .

42 U.S.C. § 2000(e)-5(f)(3). *see also* Choi v. Skinner, No. CIV A.89-1855 SSH, 1990 LEXIS 18187 at 4 (D.D.C. Sept. 26, 1990)(*citing* Stebbins v. State Farm Mutual Automobile Insurance Co., 413 F.2d 1100, 1102-03 (D.C. Cir.), *cert. denied*, 396 U.S. 895, (1969)).

Plaintiff cannot establish venue in the District of Columbia under any of the three

standards contained in the above-referenced venue provision. The complained-of employment practices occurred on an Air Force base in Maryland. The records related to the complained-of employment practices are located in Maryland. Plaintiff's reserve employment is in Maryland. Thus, proper venue is in the District Court for Maryland.

Therefore, the alternative venue provision does not apply and venue is only proper in Maryland. Even if an alternative venue location were to apply, then the district where Defendant has its principal office would be the proper venue. It is undisputed that the Secretary of the Air Force maintains his principal office at the Pentagon, Arlington, Virginia, which is within the Eastern District of Virginia. Accordingly, venue is not proper in the District of Columbia.

Title 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Based on the fact that Federal Courts lack jurisdiction over Plaintiff's complaint, as discussed below, dismissal for lack of venue is appropriate in this case.

B. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

　　1. **Standard of Review**

Jurisdiction is a threshold matter; without it, this court has no authority to decide other potentially dispositive issues in this case. *See Ticor Title Ins. Co. v. FTC*, 814 F.2d 731, 757 (D.C. Cir. 1987) (Green, J., concurring) (holding that "lower courts must always wrestle with [jurisdictional issues] before reaching any questions of justiciability, since courts may not decide issues over which they lack jurisdiction"); *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549

(D.C. Cir. 1981) ("The federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds."); *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000) ("The court must address the issue of jurisdiction as a threshold matter, because absent jurisdiction the court lacks the authority to decide the case on any other grounds."). Therefore, before considering any other potentially dispositive arguments, the Court must first consider the jurisdictional issue defendant raises-that plaintiff failed to exhaust administrative remedies.

In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Beverly Enters., Inc. v. Herman*, 50 F. Supp. 2d 7, 11 (D.D.C. 1999). At the stage of litigation when dismissal is sought, the plaintiffs' complaint must be construed liberally, and the plaintiffs should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

In considering a motion to dismiss under Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but has the discretion to review any evidence, including affidavits and other documentary evidence, as well as to conduct a limited evidentiary hearing. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject-matter jurisdiction."); *See also Ohio v. National Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In spite of the favorable inferences the plaintiff receives on a motion to dismiss, it is still the plaintiff's burden to prove jurisdiction. *See Am. Farm Bureau v. EPA*, 121 F. Supp.

2d 84, 90 (D.D.C. 2000); See Also *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In addressing a Rule 12(b)(1) motion challenging subject matter jurisdiction, there is no presumption of truthfulness that attaches to a plaintiff's allegations. *Id.* Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may "decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A Rule 12(b)(1) motion challenging the court's subject matter jurisdiction need not be converted into a Rule 56 motion when extra-pleading materials are considered. *Williamson*, 645 F.2d at 416.

Additionally, when subject matter jurisdiction is challenged under rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir,* 895 F. 2d at 269.

It is clear that federal courts are courts of limited jurisdiction, and cannot adjudicate a case absent a grant of jurisdiction under either the constitution or the statutes. This matter is so fundamental to the federal judicial process that questions of jurisdiction may be raised at any time including the appellate level. *Von Dunser v. Aronoff*, 915 F.2d 1071 (6th Cir. 1990). Federal court jurisdiction cannot be presumed, but must be affirmatively and positively pled. *Norton v. Larney*, 266 U.S. 511 (1925). Defendant respectfully submits that the Court lacks subject matter jurisdiction over the instant case.

## 2. **Sovereign Immunity**

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Consent to suit cannot be implied; it must be "unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Where no such consent exists, sovereign immunity operates as a jurisdictional bar. *Sherwood*, 312 U.S. at 587-588. Plaintiff has the burden of establishing a waiver of sovereign immunity that permits his claim. *McNutt v. GMAC*, 298 U.S. 178 (1936).

Where federal courts exercise their decision making power by virtue of special jurisdictional statutes, they must take care to exercise that power only within the limits established by Congress. *See McNeil v. United States*, 508 U.S. 106, (1993). In *McNeil,* the plaintiff's Federal Tort Claims Act case was dismissed by the Supreme Court because he had failed to exhaust his administrative remedies prior to filing his suit in federal court. The Court dismissed his claims, even though he later completed his administrative requirements and no substantial activity had occurred on the case at the time that the administrative requirements were met. The Supreme Court insisted upon the strict adherence to the plain meaning of the statutory language.

This Court has long held that "waivers of sovereign immunity must be unequivocally expressed and narrowly construed," *Cummings v. Dep't of the Navy*, 279 F.3d 1051(D.C. Cir. 2002) (quoting *Dorsey v. Dep't of Labor*, 41 F.3d 1551, 1555 (D.C. Cir. 1994)). Construing a waiver of sovereign immunity narrowly, even "strictly in favor of the sovereign," means that a court may not "enlarge[] [the waiver] beyond what the language requires." *Tomasello v. Rubin*, 167 F.3d 612, 618 (D.C. Cir. 1999) (quoting *United States v. Nordic Village*, Inc., 503 U.S. 30,

34 (1992)).

### 3. **The general statutory framework of the Air Force Reserves**

Congress has exercised its extensive constitutional powers over matters of national defense by establishing the armed forces of the United States. These forces consist of the Army, Navy, Air Force, Marine Corps, and the Coast Guard. *See* 10 U.S.C. § 101(a)(4); 32 U.S.C. § 101(2). Each of these forces has a Reserve Component to provide trained military units to supplement the United States armed forces "in time of war or national emergency and at such times as the national security requires." 10 U.S.C. §§ 261, 262. The Reserve Components of the Air Force are the Air National Guard ("ANG") of the United States, and the Air Force Reserve. 10 U.S.C. §§ 261(m)(5) and (a)(6).

### 4. **Intra-Military Immunity**

It is well established that uniformed military personnel may not bring suit against the armed forces or military superiors in consequence of incidents arising out of or in the course of their military service. In *Feres v. United States*, 340 U.S. 135 (1950), the court held that the Federal Tort Claims Act does not extend it's remedy to claims arising "incident to Military Service." *Id.* at 138. The Supreme Court expanded this doctrine in subsequent cases. The Court recognizes the need for special regulations in regard to military discipline and the exclusivity of the Legislature under the constitution. This rule was summed up in *Orloff v. Willoughby*:

> [J]udges are not given the task of running the Army. The responsibility for setting up channels through which . . . grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the

Army must be scrupulous not to intervene in judicial matters.

345 U.S. 83, 93-94 (1953).  The Court has consistently found that Congress has legitimately established two systems of justice, one for the military and one for civilians.  *Burns v. Wilson*, 346 U.S. 137, 140 (1953).

In *Gilligan v. Morgan*, 413 U.S. 1 (1973), the Court addressed the application of these principles to the case of State National Guards.  The Court held that these principles apply to State National Guards as well as other members of the armed forces and stated:

> It would be difficult to think of a clearer example of the type of governmental action that was intended by the Constitution to be left to the political branches directly responsible -- as the Judicial Branch is not -- to the electoral process. Moreover, it is difficult to conceive of an area of governmental activity in which the courts have less competence.  The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject *always* to civilian control of the Legislative and Executive Branches.  The ultimate responsibility for these decisions is appropriately vested in branches of the government which are periodically subject to electoral accountability.

*Id.* at 10 (emphasis added).

In *Chappell v. Wallace*, 462 U.S. 296 (1983), five enlisted members of the United States Navy brought an action against their military superiors, alleging that because of their race their superiors failed to assign them desirable duties, gave them low performance evaluations, threatened them, and imposed penalties of unusual severity, all in violation of the United States Constitution. The Supreme Court took that occasion to extend its holding in *Feres* to prohibit Constitutional Tort claims by military personnel against there superiors.

Further, *Chappell* held that the plaintiffs' constitutional employment discrimination claims under 42 U.S.C. §1985 were barred based on the doctrine of intra-military immunity.

> The special status of the military has required, the Constitution contemplated, Congress has created and this Court has long recognized two systems of justice . . . one for civilians and one for military personnel . . . . Here, . . . we must be concerned with the disruption of '[t]he peculiar and special relationship of the soldier to his superiors' that might result if the soldier were allowed to hale his superiors into court . . . . We hold that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations.

*Id.* at 303-05 (internal quotations omitted); *see also*, *United States v. Stanley*, 483 U.S. 669, 682-83 (1987) (extending the *Chappell* holding to suits by military members against military peers arising out of their military service).

Every circuit to address this issue has held that an individual may not sue his superiors for damages arising out of Constitutional claims including those pursuant to 42 U.S.C. §1983. *Introini v. South Carolina Nat'l Guard*, 828 F. Supp. 391, 393 (DSC 1993)[2]. The Eighth Circuit addressed a case similar to the Plaintiff's claims under 42 U.S.C. §1983. *See Watson v. Arkansas National Guard*, 886 F.2d 1004, 1007-11 (8th Cir. 1989). The Court held that actions brought against National Guard officers under § 1983 were prohibited under *Chappell*. *Id. citing Brown v. United States*, 739 F.2d 362, 367 (8th Cir. 1984), *cert. denied*, 473 U.S. 904 (1985). See also, Bois v. Marsh 801 F.2d 462, 469-470 (D.C. Cir. 1986)( §1983 suits barred).

Accordingly, it is well established that uniformed military personnel may not bring employment discrimination claims against the armed forces or military superiors under Title VII. Every Circuit to consider this issue has held that the doctrine of intra-military immunity bars

---

[2] *See also Martelon v. Temple*, 747 F.2d 1348, 1350-51 (10th Cir. 1984), *cert. denied*, 471 U.S. 1135,(1985); *Jorden v. National Guard Bureau*, 799 F.2d at 107-08 (3rd Cir. 1986); *Crawford v. Texas Army National Guard*, 794 F.2d at 1036 (5th Cir. 1986); *Wright v. Park*, 5 F.3d 586, 591 (1st Cir. 1993); *Knutson v. Wisconsin Air National Guard*, 995 F.2d 765 (7th Cir. 1993); *Sebra v. Neville*, 801 F.2d 1135 (9th Cir. 1986); *Dibble v. Fenimore*, 339 F.3d 120 (2nd Cir. 2003); *Watson v. Arkansas National Guard*, 886 F.2d 1004, 1007-11 (8th Cir. 1989).

employment discrimination claims by members of the military.  *See, e.g.*, *Coffman v. State of Michigan*, 120 F.3d 57, 59 (6th Cir. 1997); *Hodge v. Dalton*, 107 F.3d 705 (9th Cir. 1997); *Randall v. United States*, 95 F.3d 339 (4th Cir. 1996); *Stinson v. Hornsby*, 821 F.2d 1537, 1539-40 (11th Cir. 1987); *Roper v. Department of the Army*, 832 F.2d 247, 247-48 (2d Cir. 1987); *Gonzales v. Army*, 718 F.2d 926, 928 (9th Cir. 1983); *Taylor v. Jones*, 653 F.2d 1193, 1200 (8th Cir. 1981); *Johnson v. Alexander*, 572 F.2d 1219, 1224 (8th Cir. 1978).  *See also, Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 92 n.4 (1983);  *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990).

Finally, these types of employment discrimination claims are barred for active-duty members of the regular armed forces, reserve members, and state National Guardsmen.  *Fisher v. Peters*, 249 F.3d 433 (6th Cir. 2001); *Leistko v. Stone*, 134 F.3d 817, 820-21 (6th Cir. 1998) (National Guard employee holding hybrid position is "irreducibly military in nature").  As a result, the Plaintiff's claim should be dismissed.

    **5.**    **There is no statutory basis for jurisdiction**

Where federal courts exercise their decision making power by virtue of special jurisdictional statutes, they must take care to exercise that power only within the limits established by Congress.  *See McNeil v. United States,* 508 U.S. 106 (1993).  The statutory provision regarded as waiving sovereign immunity for Title VII suits by federal employees is 42 U.S.C. § 2000e-16(a).  However, the courts have consistently held that employment discrimination laws have no application to military members and, therefore, suits under these laws are barred for active-duty members of the regular armed forces, reserve members, and state National Guardsmen.  *Fisher v. Peters*, 249 F.3d 433 (6th Cir. 2001); *Leistko v. Stone*, 134 F.3d

817, 820-21 (6th Cir. 1998) (National Guard employee holding hybrid position is "irreducibly military in nature"); *Doe v. Garrett*, 903 F.2d 1455, 1460, 1461 (11th Cir. 1990) (Navy Reservist); *Stinson v. Hornsby*, 821 F.2d 1537, 1539, 1541 (11th Cir. 1987) (full-time member of Alabama National Guard), *cert denied*, 488 U.S. 959 (1988); *Roper v. Department of Army*, 832 F.2d 247 (2nd Cir. 1987) (U.S. Army Reserve); *Gonzalez v. Department of Army*, 718 F.2d 926 (9th Cir. 1983) (U.S. Army); *Taylor v. Jones*, 653 F.2d 1193, 1200 (8th Cir. 1981) (no Title VII rights for "Traditional Guardsman" while on military duty during one weekend a month and two weeks a year*); Johnson v. Alexander*, 572 F.2d 1219 (8th Cir. 1978), (U.S. Army), *cert. denied*, 439 U.S. 986 (1978).

Since the Plaintiff's claim resulted from her position as a Traditional Reservist, she must pursue military channels of relief. Accordingly, Plaintiff has no cause of action under Title VII and her complaint must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Court is respectfully urged to grant the motion and dismiss the action with prejudice.

**Respectfully submitted,**

                                             **KENNETH L. WAINSTEIN, D.C. Bar #451058**
                                             **United States Attorney**

                                             **R. CRAIG LAWRENCE, D.C. Bar #171538**
                                             **Assistant United States Attorney**

                                             **BENTON G. PETERSON, WI. Bar #1029849**
                                             **Assistant United States Attorney**
                                             **Judiciary Center Building**
                                             **555 4th Street, N.W. – Civil Division**
                                             **Washington, D.C. 20530**
                                           **(202) 514-7238;(202) 514-8780 (Facsimile)**
                                           **Benton.Peterson@usdoj.gov**

OF COUNSEL:
MICHAEL A. BLACKBURN
Major, USAF
Senior Trial Attorney
General Litigation Division
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209-2403

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion to Dismiss and Supporting Memorandum was sent by regular United States mail this _____ day of February 2006, to the following:

Marva Jean Herring
3900 Bel Pre Road, Suite #1
Silver Spring, MD 20906

_____
BENTON PETERSON
Assistant United States Attorney